UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| STEPHANIE GLOVER, <br> 3818 South Jefferson Avenue <br> Cincinnati, OH 45212 <br><br> Plaintiff, <br><br> v. <br><br> CENTRAL PORTFOLIO CONTROL, INC., <br> 10249 Yellow Circle Drive <br> Suite 200 <br> Minnetonka, MN 55343 <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) Case No. <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## **PLAINTIFF'S COMPLAINT**

Plaintiff, STEPHANIE GLOVER ("Plaintiff"), through her attorney, Jack S. Malkin, Esq., alleges the following against Defendant, CENTRAL PORTFOLIO CONTROL, INC. ("Defendant"):

### **INTRODUCTION**

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act 15 U.S.C. 1692, et seq. ("FDCPA").

### **JURISDICTION AND VENUE**

2. This Court has jurisdiction under 28 U.S.C. §1331 and 15 U.S.C. §1692k (FDCPA).

3. Jurisdiction of this court arises pursuant to 15 U.S.C. 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

4. Venue and personal jurisdiction in this District are proper because Defendant does or transacts business within this District, and a material portion of the events at issue occurred in this District.

## PARTIES

5. Plaintiff is a natural person residing in Cincinnati, Hamilton County, Ohio.

6. Plaintiff is a consumer as that term is defined by the FDCPA.

7. Plaintiff allegedly owes a debt as that term is defined by the FDCPA.

8. Defendant is a debt collector as that term is defined by the FDCPA.

9. Within the last year, Defendant attempted to collect a consumer debt from Plaintiff.

10. Defendant is a collection agency with a principal place of business in Minnetonka, Minnesota.

11. Defendant's business includes, but is not limited to, collecting on unpaid, outstanding account balances.

12. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

13. During the course of its attempts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence, via the mail and/or electronic mail, and initiates contact with alleged debtors via various means of telecommunication, such as by telephone and facsimile.

14. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

15. Defendant is attempting to collect a consumer debt from Plaintiff originating with Atlantic Credit.

16. Plaintiff's alleged debt owed arises from transactions for personal, family, and household purposes.

17. In or around September 2018, Defendant began calling Plaintiff on Plaintiff's telephone number at xxx-xxx-3706 in an attempt to collect the alleged debt.

18. Defendant calls Plaintiff from 866-902-0090, which is one of Defendant's telephone numbers.

19. In or around September 2018, Plaintiff answered Defendant's collection call and spoke with one of Defendant's male collectors.

20. During the aforementioned conversation, Defendant's male collector threatened to place a lien on Plaintiff's assets.

21. During the aforementioned conversation, Defendant's male collector threatened to garnish the wages of Plaintiff.

**DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT**

22. Defendant violated the FDCPA based on the following:

    a. Defendant violated § 1692d of the FDCPA by engaging in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt, when Defendant threatened to place a lien on Plaintiff's assets and garnish Plaintiff's wages and Defendant did not intend to take such action;

    b. Defendant violated § 1692e of the FDCPA by using false, deceptive or misleading representation or means in connection with the collection of a debt, when the Defendant threatened to place a lien on Plaintiff's assets and garnish Plaintiff's wages and Defendant did not intend to take such action;

    c. Defendant violated § 1692e(4) of the FDCPA by representing that nonpayment of any debt will result in the seizure of any property or of garnishment of any wages unless such action is intended to be taken, when the Defendant threatened to place a lien on Plaintiff's assets and garnish Plaintiff's wages and Defendant did not intend to take such action; and

    d. Defendant violated § 1692e(5) of the FDCPA by with the threat to take any action that cannot legally be taken or that is not intended to be taken, when the Defendant threatened to place a lien on Plaintiff's assets and garnish Plaintiff's wages and Defendant did not intend to take such action; and

    e. Defendant violated § 1692(f) of the FDCPA by using unfair or unconscionable means in connection with the collection of an alleged debt, when Defendant engaged in the foregoing conduct.

WHEREFORE, Plaintiff, STEPHANIE GLOVER, respectfully requests judgment be entered against Defendant, CENTRAL PORTFOLIO CONTROL, INC., for the following:

23. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k;

24. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k; and

25. Any other relief that this Honorable Court deems appropriate.

RESPECTFULLY SUBMITTED,

January 30, 2019 By: /s/ Jack S. Malkin
    Jack S. Malkin, Esq.
    Ohio Bar Number: 0034018
    20600 Chagrin Blvd., Suite 750
    Shaker Heights, OH 44122
    Tel: 216-751-7708
    jmalkin23@hotmail.com
    Attorney for Plaintiff